**KODIAK ELECTRIC ASSOCIATION, INC., and American Motorists Insurance Company, Appellants,**

v.

**DELAVAL TURBINE, INC., Western Electric Corp., and Portec, Inc., Appellees.**

**DELAVAL TURBINE, INC., Cross-Appellant,**

v.

**KODIAK ELECTRIC ASSOCIATION, INC., and American Motorists Insurance Company, Cross-Appellees.**

**Nos. 7871, 7896.**

Supreme Court of Alaska.

Feb. 21, 1985.

### MEMORANDUM AND ORDER

Westinghouse petitions for rehearing, contending that our opinion 694 P.2d 150, overlooked a material question and a material proposition of law. According to Westinghouse, "[t]he opinion should have given effect to the warranty/limitation of liability provision of the Westinghouse contract, and stated that it bars any action against Westinghouse in accord with the contract provisions."

In its brief, Westinghouse's argument was a response to Kodiak Electric's third party beneficiary theory. Westinghouse argued: "[t]he right of KEA as a third party beneficiary is subject to any limitation implied by the terms of the [Westinghouse/DeLaval] contract." Its brief did not make clear Westinghouse's present contention that Kodiak Electric's negligence action was barred by the contract, *whether or not Kodiak Electric was a third party beneficiary.*

The trial court did not rule on this question; its ruling appears to have been based entirely upon its erroneous belief that the action was barred by AS 09.10.070, the two year statute of limitations. Westinghouse can raise the issue on remand and the trial

court should be given the first opportunity to rule on it. Accordingly, the petition for rehearing is denied.

IT IS SO ORDERED.

Entered by direction of the court,[1] at Anchorage, Alaska, this 21th day of February, 1985.

---

1. MATTHEWS and MOORE, JJ., not participating.